UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

FEDERAL NATIONAL MORTGAGE
ASSOCIATION

        PLAINTIFF

v.

JARVIS E. SIMPSON A/KA JARVIS
SIMPSON, NANCY L. SIMPSON A/K/A
NANCY SIMPSON, CHASE BANK USA, N.A.,
APPLIED BANK, ST. MARY'S REGIONAL
MEDICAL CENTER AND MIDLAND
FUNDING, LLC

        DEFENDANTS

## COMPLAINT FOR FORECLOSURE

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Bendett & McHugh, P.C., and complains against the Defendants pursuant to 14 M.R.S. § 6321 et seq., saying further as follows:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

1

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. Federal National Mortgage Association, ("Plaintiff") is a corporation organized and existing under the laws of the United States of America, having a principal place of business at 3900 Wisconsin Avenue, NW, Washington, District of Columbia 20016-3899.

4. Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson ("Defendants") are a residents of Turner, County of Androscoggin and State of Maine.

5. Chase Bank USA, N.A., ("Defendant") upon information and belief, has an address located at 201 North Walnut Street, Wilmington, Delaware 19801.

6. Applied Bank, ("Defendant") upon information and belief, has an address located at 2200 Concord Turnpike, Suite 102, Wilmington, Delaware 19803.

7. St. Mary's Regional Medical Center, ("Defendant") upon information and belief, has an address located c/o Lee Myles, P.O. Box 291, Lewiston, Maine 04243-0291.

8. Midland Funding, LLC, ("Defendant") upon information and belief, has an address located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, Maine 04330.

## FACTS

9. Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson are the owners of certain real property located at 66 County Road, Turner, Maine (the "Premises") by virtue of a deed from David R. Cote and Nancy Simpson fka

Nancy L. Cote, dated June 21, 2007, and recorded in the Androscoggin County Registry of Deeds on August 15, 2007 in Book 7229 at Page 163 and being more particularly described by the attached legal description.  *See* Exhibit A.

10. On June 26, 2007, Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson executed and delivered to Chase Bank USA, N.A.  a certain promissory note in the original principal amount of $105,000.00 (the "Note"). *See* Exhibit B.

11. Plaintiff is entitled to enforce the Note as the Note was endorsed to Chase Home Finance, LLC and subsequently endorsed in blank and pursuant to 11 M.R.S.A. § 3-1309 as Plaintiff was in possession of the Note and entitled to enforce said note at the time the loss of possession occurred and the loss of possession was not the result of any lawful negotiation or transfer by Plaintiff.

12.  Plaintiff certifies that the owner of the Note is Federal National Mortgage Association.

13. To secure said Note, in the amount of $105,000.00, the Defendants, Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson, executed and delivered a Mortgage in favor of Chase Bank USA, N.A., dated June 26, 2007 and recorded in the Androscoggin County Registry of Deeds in Book 7229 at Page 167 securing the property located at 66 County Road, Turner, Maine, 04282 (the "Mortgage). *See* Exhibit C.

14. Said loan was modified by a Loan Modification Agreement effective June 1, 2014, which increased the unpaid principal balance to $133,946.73 and was recorded in the Androscoggin County Registry of Deeds in Book 8955 at Page 191.  *See* Exhibit D.

15. Said Mortgage was assigned from Chase Bank, N.A. to JPMorgan Chase Bank, National Association by an Assignment of Mortgage, dated August 17, 2012 and recorded on September 5, 2012 in Book 8484 at Page 348 of the Androscoggin County Registry of Deeds.  *See* Exhibit E1.

16. Said Mortgage was thereafter assigned from JPMorgan Chase Bank, National Association to Bayview Loan Servicing, LLC by an Assignment of Mortgage, dated January 8, 2018 and recorded on January 10, 2018 in Book 9766 at Page 69 of the Androscoggin County Registry of Deeds.  *See* Exhibit E2.

17. Said Mortgage was subsequently assigned from Bayview Loan Servicing, LLC to Plaintiff by an Assignment of Mortgage, dated August 21, 2018 and recorded on August 27, 2018 in Book 9917 at Page 174 of the Androscoggin County Registry of Deeds.  *See* Exhibit E3.

18. Plaintiff, directly or through its agent, is in possession of the original Mortgage and any assignments.

19. Plaintiff is the party entitled to collect the debt evidenced by said Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

20. Defendant Chase Bank USA, N.A. claims or may claim an interest in the Premises by virtue of a mortgage, in the principal amount of $22,500.00, dated June 26, 2007 and recorded in Book 7229 at Page 185 of the Androscoggin County Registry of Deeds.  *See* Exhibit F.

21. Defendant Applied Bank claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the amount of $1,997.09, dated April 21, 2010 and recorded in Book 7948 at Page 186 of the Androscoggin County Registry of Deeds.  *See* Exhibit G.

22. Defendant St. Mary's Regional Medical Center claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the amount of $3,252.37, dated June 11, 2010 and recorded in Book 7993 at Page 241 of the Androscoggin County Registry of Deeds. *See* Exhibit H.

23. Defendant Midland Funding, LLC claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the amount of $682.75, dated March 13, 2013 and recorded in Book 8632 at Page 96 of the Androscoggin County Registry of Deeds. *See* Exhibit I.

24. Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson are presently in default of the Note, having failed to make the monthly payment due October 1, 2017, and having failed to make all payments due thereafter. As a result thereof, Defendants has/have breached a condition of the Mortgage.

25. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on or about November 30, 2018, Plaintiff sent a Notice of Default to the mortgagor and any co-signor against whom the mortgagee is enforcing the obligation secured by the mortgage, by certified mail, return receipt requested and/or by regular mail, postage prepaid (herein after referred to as the "Demand Letter"). *See* Exhibit J.

26. Defendants, Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson have failed to cure the default prior to the expiration of the Demand Letter. In accordance with the Note and the Mortgage, the Plaintiff has declared the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage to be presently due and payable.

27. The total unpaid principal balance owed under the Note and Mortgage as of December 1, 2018, is $128,654.70 plus interest, late charges, expenses and reasonable attorney's fees and costs.

28. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

29. Upon information and belief, Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

30. The Plaintiff Federal National Mortgage Association repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure and title to real estate located at 66 County Road, Turner, County of Androscoggin, and State of Maine. *See* Exhibit A.

32. Plaintiff Federal National Mortgage Association is the holder of the Note pursuant to endorsement by the previous holder and entitled to enforce the note pursuant to 11 M.R.S.A. § 3-1309.

33. Federal National Mortgage Association is the current owner and investor of the Mortgage and Note.

34. Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2017. As a result, Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson have breached the condition of the Mortgage and Note.

35. The total unpaid principal balance owed under the Note and Mortgage as of December 1, 2018 is $128,654.70 plus interest, late charges, expenses and reasonable attorney's fees and costs.

36. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of Defendants Jarvis E. Simpson a/ka Jarvis Simpson's and Nancy L. Simpson a/k/a Nancy Simpson's breach of condition, Plaintiff Federal National Mortgage Association hereby demands a foreclosure on said real estate.

38. Notice in conformity with 14 M.R.S.A. §6111 was sent to Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson on November 30, 2018 as evidenced by the Certificate of Mailing. *See* Exhibit K.

39. Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson are not in the Military as evidenced by the attached Exhibit L.

## COUNT 11 – UNJUST ENRICHMENT

40. Plaintiff Federal National Mortgage Association repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. Chase Bank USA, N.A., predecessor-in-interest to Federal National Mortgage Association, loaned Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson $105,000.00. *See* Exhibit B.

42. Defendants, Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

43. As a result, Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson have been unjustly enriched to the detriment of Plaintiff Federal National Mortgage Association as successor-in-interest to Chase Bank USA, N.A. by having received the benefits described above without repayment pursuant to the terms of the Note and Mortgage.

44. As such, Plaintiff Federal National Mortgage Association is entitled to relief

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff Federal National Mortgage Association prays this Honorable Court: Find that Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property.

    a. Determine that there has been a breach of condition of the Mortgage;

    b. Find that Plaintiff Federal National Mortgage Association is entitled to enforce the terms and conditions of the Note and Mortgage;

    c. Determine the amounts due under the Note and secured by the Mortgage, including principal, interest, reasonable attorney's fees, court costs and other expenses;

    d. Find that Defendants are liable for any deficiency balance remaining due to Plaintiff after the sale of the mortgaged real estate and application of the proceeds of sale (this prayer is void for any Defendant that did not execute the Note or Guaranty and for any Defendant who has been granted discharge in bankruptcy);

e. Issue a Judgment of Foreclosure and Sale in conformity with Title 14, M.R.S. § 6322;

f. Order exclusive possession of the real estate to Plaintiff upon the expiration of the statutory ninety (90) day period of redemption and direct the clerk to issue a Writ of Possession at the request of Plaintiff;

g. Find that by virtue of the Note and Mortgage, Defendants Jarvis E. Simpson a/ka Jarvis Simpson and Nancy L. Simpson a/k/a Nancy Simpson have been unjustly enriched at the Plaintiff's expense; and

h. Order such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Federal National Mortgage Association

By its Attorneys,
BENDETT & MCHUGH, P.C.

Dated: February 6, 2019     By: /s/Carly J. Traub, Esq.  Bar No. 5612
MECourtMailings@bmpc-law.com

/s/ Santo Longo, Esq.  Bar No.: 5192
MECourtMailings@bmpc-law.com

/s/ Andrew J. Schaefer, Esq.  Bar No.: 5770
MECourtMailings@bmpc-law.com

/s/ Tristan E. Birkenmeier, Esq.  Bar No.: 5283
MECourtMailings@bmpc-law.com

Attorneys for Plaintiff
Bendett & McHugh, PC
30 Danforth Street, Suite 104
Portland ME, 04101
207-221-0016
MECourtMailings@bmpc-law.com